UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE MICHAEL GUILMETTE,

        Petitioner,

v.                                        CASE NO. 05-CV-72646-DT
                                          HONORABLE VICTORIA A. ROBERTS

CAROL HOWES,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS
(1) TO A MEND THE HABEAS PETITION,
(2) TO EXTEND THE TIME FOR FILING A REPLY,
AND (3) FOR AN EVIDENTIARY HEARING**

Petitioner Bruce Michael Guilmette has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state conviction for first-degree home invasion on two grounds: ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Currently pending before the Court are Petitioner's motions for an evidentiary hearing, for permission to amend the habeas petition, and for an extension of time to file a reply to Respondent's answer to the habeas petition.

**The Motions for Extension of Time and for an Evidentiary Hearing**

The motion for an extension of time [Doc. #33, Feb. 2, 2006] is DENIED as moot, because Petitioner has already filed a reply to Respondent's answer. The motion for an evidentiary hearing [Doc. #34, Feb. 27, 2006] is DENIED without prejudice because Petitioner has no absolute right to an evidentiary hearing. *See Blackledge v. Allison*, 431 U.S. 63, 80 (1977). It further appears from a preliminary review of the pleadings that the state court's

adjudication of Petitioner's claims was objectively reasonable and, therefore, Petitioner has not alleged "sufficient grounds for release." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).

### The Motion to Amend

Petitioner seeks to amend his habeas petition by adding an issue about the pretrial photographic identification. Petitioner raised this issue on direct review of his conviction, but he did not include it in his habeas petition, which was filed on July 5, 2005.

A habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Furthermore, a one-year statute of limitations applies to habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d).

An amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Fed. R. Civ. P. 15(c)(2). The Supreme Court has interpreted Rule 15(c)(2) to mean that "[a]n amended habeas petition . . . does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, __ U.S. __, __, 125 S. Ct. 2562, 2566 (2005). It is not enough that the original and amended claims attack the same trial, conviction, or sentence. *See id.* at 2568-70. Relation back is in order only if "the original and amended petitions state claims that are tied to a common core of operative facts." *Id*. at 2574.

Petitioner's habeas petition was timely filed, but more than a year elapsed from the time that his conviction became final and the date on which he moved to amend his habeas petition. Therefore, the proposed new claim alleging a suggestive photographic identification is untimely unless it is tied to the original claims through a common core of operative facts and thereby relates back to the original pleading.

The habeas claims allege that: (1) trial counsel (a) failed to investigate a boot print, which was the prosecution's only evidence of an entry, and (b) conceded at trial that the crime was committed; and (2) appellate counsel failed to (a) review photographs of the boot print and (b) assert a claim of ineffective assistance of trial counsel. In contrast, Petitioner's amended claim challenges a pretrial photographic identification. The amended claim is supported by facts that differ in time and type from the claims in the original pleading. Thus, under *Mayle*, the amended claim does not relate back to the original pleading, and it is barred from review by the one-year statute of limitations.

Petitioner alleges that the failure to raise his amended claim in his habeas petition is not due to bad faith. Rather, alleges Petitioner, the inmate who assists him was confined in a different prison until recently and he did not receive Petitioner's letter asking him to include the new claim in the habeas petition.

Petitioner has not supported this allegation with any documentation showing that he requested the amendment and actually mailed a letter to the inmate who was helping him. And although equitable tolling applies to the habeas statute of limitations, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), a prisoner's *pro se* representation alone does not excuse prolonged inattention when a statute calls for promptness. *Johnson v. United States*, 544 U.S.

3

295, \_\_, 125 S. Ct. 1571, 1582 (2005).

Furthermore, as the Supreme Court recognized in *Mayle*, the time between the filing of the habeas petition and the filing of the responsive pleading can be "rather long." *Mayle*, 125 S. Ct. at 2574. Respondent did not file her responsive pleading until six months after Petitioner filed his habeas petition. Petitioner could have filed an amended petition without leave of court until the responsive pleading was served. Fed. R. Civ. P. 15(a).

The Court concludes that equitable tolling of the limitations period for Petitioner's proposed new claim is not appropriate under the circumstances. Therefore, Petitioner's motion to amend his habeas petition [Doc. #36, Apr. 3, 2006] is DENIED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 3, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 3, 2006.
>
> S/Carol A. Pinegar
> Deputy Clerk