UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRUCE MICHAEL GUILMETTE,

        Petitioner,

v.                                 CASE NO. 05-CV-72646-DT
                                     HONORABLE VICTORIA A. ROBERTS

CAROL HOWES,

        Respondent.

_____/

## ORDER GRANTING RESPONDENT'S MOTION FOR A STAY

### I.  Introduction

      This is a habeas corpus action under 28 U.S.C. § 2254.  Petitioner Bruce Michael Guilmette has been convicted of first-degree home invasion and sentenced to imprisonment for twenty to thirty years.  His conviction was affirmed on appeal, and he was denied relief during state collateral proceedings.  Petitioner subsequently filed his federal habeas corpus petition, alleging that his trial and appellate attorneys were ineffective.  The Court granted a conditional writ of habeas corpus on September 10, 2008, and ordered Respondent to release Petitioner unless the State re-tried Petitioner within ninety days.  Respondent has appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit.  Currently pending before this Court is Respondent's motion for a stay of the Court's judgment.  Petitioner has not filed an answer to the motion.

### II.  Discussion

Federal Rule of Appellate Procedure 23(c) provides:

> While a decision ordering the release of a prisoner is under review, the prisoner
> must -- unless the court or judge rendering the decision, or the court of appeals, or
> the Supreme Court, or a judge or justice of either court orders otherwise -- be
> released on personal recognizance, with or without surety.

This rule "undoubtedly creates a presumption of release from custody" pending appeal of a district court's order granting relief to a habeas petitioner. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). The Court, however, enjoys broad discretion in determining whether a stay is appropriate. *Id*. at 775. The Court must balance the traditional factors regulating the issuance of a stay when making that determination. The factors to be weighed are:

> (1) whether the stay applicant has made a strong showing that he is likely to
> succeed on the merits; (2) whether the applicant will be irreparably injured absent
> a stay; (3) whether issuance of the stay will substantially injure the other parties
> interested in the proceeding; and (4) where the public interest lies.

*Id*. at 776.

Respondent believes that she has a strong likelihood of success on appeal because, in her opinion, Petitioner procedurally defaulted his claims by failing to raise them on direct review of his conviction. The Court determined that Petitioner's claims were not procedurally defaulted because the last state court to issue a reasoned opinion reviewed Petitioner's claims on the merits. Furthermore, Petitioner could not have raised his claim about appellate counsel in the appeal of right while he was represented by the attorney about whom he complains. Even if his claim about trial counsel is procedurally defaulted, appellate counsel was "cause" for not presenting a claim about trial counsel on direct review, and prejudice resulted. Petitioner's substantive claims are strong as well, for the result of the proceedings could have been different but for his attorneys' deficient performance.

The Court of Appeals may disagree with this Court's analysis and view Petitioner's claims differently. Thus, there is a question as to the likelihood of Petitioner prevailing on appeal. The first factor is neutral.

The second *Hilton* factor measures injury to the applicant. The State's interest in rehabilitating a habeas petitioner is one factor to consider when deciding whether to grant a stay, and the interest is strongest when the remaining portion of the sentence to be served is long. *Hilton*, 481 U.S. at 777. Records maintained by the Michigan Department of Corrections on its official website (www.Michigan.gov/corrections) indicate that Petitioner's earliest release date is April 22, 2019. Because the remaining portion of his sentence is long, the second factor weighs in Respondent's favor.

The third factor is whether a stay will substantially injure other parties interested in the proceeding. Petitioner is fifty-five years old, and he is serving another sentence for home invasion concurrently with his sentence in this case. He will not be irreparably injured if he remains incarcerated for the conviction at issue in this case. Therefore, the third factor weighs in Respondent's favor.

The fourth and final factor to be considered is the public's interest. To his credit, Petitioner has made excellent progress in prison. His resident unit manager has described him as a model inmate, and other correctional officials have stated that Petitioner is self motivated, hard-working, and honest. Petitioner has completed programming for substance abuse, received high ratings for special activities, and been commended for exemplary community service. He also has supportive family members, who are willing to provide housing and employment for Petitioner upon his release.

While Petitioner appears to be rehabilitated, his criminal history includes two home-invasion convictions and three convictions involving weapons. Furthermore, he will be subject to re-trial, not immediate release, even if he is successful on appeal. The Court therefore believes that the public's interest lies in allowing Petitioner to continue with his rehabilitative efforts. The fourth factor weighs in Respondent's favor.

### III. Conclusion

Rule 23(c) presumes release from custody upon granting the writ of habeas corpus, but that presumption is rebutted by Petitioner's criminal history and the State's interest in continuing its rehabilitation of Petitioner. In addition, Petitioner will not be prejudiced by the stay, because he is serving another sentence concurrently with the sentence in this case.

The balance tips in Respondent's favor. Therefore, Respondent's motion for a stay [Dkt. 48] is **GRANTED**. The Court's judgment granting the writ of habeas corpus is stayed pending appellate review.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 5, 2008

| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 5, 2008.

s/Carol A. Pinegar
Deputy Clerk |