UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRUCE MICHAEL GUILMETTE,

        Petitioner,

v.                                         CASE NO. 05-CV-72646-DT
                                          HONORABLE VICTORIA A. ROBERTS

CAROL HOWES,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR BOND

### I. Introduction

In 1999, petitioner Bruce Michael Guilmette was convicted of first-degree home invasion in Livingston County, Michigan (case number 99-10925-FH), and on January 5, 2000, the trial court sentenced Petitioner to imprisonment for twenty to thirty years. Petitioner's conviction was affirmed on appeal, and he was denied relief during state collateral proceedings. Petitioner subsequently filed a habeas corpus petition, alleging that his trial and appellate attorneys were ineffective. On September 10, 2008, this Court granted a conditional writ of habeas corpus and ordered the State to release Petitioner unless it granted him a new trial within ninety days. *See Guilmette v. Howes*, 577 F. Supp. 2d 904 (E.D. Mich. 2008). At the State's request, the Court stayed its judgment pending appellate review. *See* Dkt. #50. On October 21, 2010, the United States Court of Appeals for the Sixth Circuit affirmed this Court's conditional grant of the writ and determined that the State was not entitled to appellate relief. *See Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010).

Currently pending before the Court is Petitioner's motion for release on bond. He

maintains that the State's only avenue for appeal is to petition the United States Supreme Court for the writ of certiorari and that the State would be unlikely to succeed in that endeavor. Petitioner further alleges that his continued detention creates irreparable harm because it separates him from his family, complicates his recovery from hip replacement surgery, and prevents him from becoming eligible for parole. He maintains that he would not flee if he were released because he has strong family ties in the State and has been promised employment with his brother. He contends that he has been a model prisoner, that he would not be a danger to the community, and that the State's interest in detaining him is weak because he has already demonstrated the ability to rehabilitate himself. The State opposes Petitioner's motion for bond on the ground that the motion is moot because the trial court has vacated Petitioner's Livingston County conviction and the Michigan Department of Corrections has discharged Petitioner from that conviction.

## II. Discussion

Federal Rule of Appellate Procedure 23(c) provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must -- unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise -- be released on personal recognizance, with or without surety.

This rule "undoubtedly creates a presumption of release from custody" pending review of a district court's order granting relief to a habeas petitioner. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). The presumption, however, "can easily be rebutted by showing that the state is quite likely to be able to retry, reconvict, and reimprison the applicant, and that therefore he should not be released, the error in his existing incarceration being readily curable." *Walberg v. Israel*, 776 F.2d 134, 136 (7th Cir. 1985).

The Court's grant of the writ of habeas corpus was conditional; therefore, Petitioner is not entitled to unconditional release from custody. Furthermore, on November 2, 2010, the trial court vacated Petitioner's Livingston County conviction and sentence. The trial court intends to re-try Petitioner, and it has declined to release Petitioner on bond because Petitioner is serving other valid sentences. Meanwhile, the Michigan Department of Corrections has discharged Petitioner from the Livingston County conviction and sentence, effective November 2, 2010. Petitioner remains incarcerated on four unrelated sentences of one to fifteen years and seven to twenty years in prison for convictions obtained in Oakland County in 1999.

For all these reasons, the Court concludes that the State has rebutted the presumption of release on personal recognizance pending further review. Consequently, Petitioner's motion for release on bond [Dkt. #55] is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 3, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 3, 2010.

s/Carol A. Pinegar
Deputy Clerk